IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 20, 2021

**COURTNEY ALLISON WEST v. PHILLIP RYAN CHASE BYRD**

**Appeal from the General Sessions Court for Scott County**
**No. 2020-DR-4       James Cotton, Judge**
———————————————————

**No. E2021-00080-COA-R3-CV**
———————————————————

The Notice of Appeal filed by the appellant, Courtney Allison West, stated that appellant was appealing the judgment entered on January 7, 2021. As the parenting plan entered on January 7, 2021 does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; JOHN W. MCCLARTY, J.; AND THOMAS R. FRIERSON, II, J.

Elliott James Schuchardt, Knoxville, Tennessee, for the appellant, Courtney Allison West.

David A. Stuart, Clinton, Tennessee, and Max E. Huff, Oneida, Tennessee, for the appellee, Phillip Ryan Chase Byrd.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, Phillip Ryan Chase Byrd filed a petition for modification of a parenting plan and a petition for contempt. The Trial Court entered a new parenting plan and child support worksheet, but the record fails to contain a written order of the Trial Court including findings of fact and conclusions of law concerning both the petition for modification and the petition for contempt.

The appellant responded to our show cause order and stated "there does not appear to have been an order entered in this matter."[2] "It is well-settled that a trial court speaks through its written orders – not through oral statements contained in the transcripts – and that the appellate court reviews the trial court's written orders." *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) (citations and footnote omitted).

Rule 52.01 of the Tennessee Rules of Civil Procedure "directs the trial court to enter a written order containing findings of fact and conclusions of law to support its decision." *Nelvis v. Baptist*, No. W2018-01763-COA-R3-JV, 2019 WL 5566352, at *6 (Tenn. Ct. App. 2019). In *Nelvis*, the trial court, tasked with making decisions regarding parenting issues, used a check-the-box, pre-printed form in lieu of entering written findings. This Court explained:

> Concomitant with the duties imposed by section 36-1-106, Rule 52.01 of the Tennessee Rules of Civil Procedure requires that trial courts make findings of fact in bench trials. Specifically, Rule 52.01 states as follows:
>
> > In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court

---

[2] In her response to our show cause order, appellant also asserted that no hearing was ever held in connection with entry of the new parenting plan. Tennessee Code Annotated § 36-6-405, which governs the modification of parenting plans, specifically states: "In a proceeding for a modification of a permanent parenting plan, the existing residential schedule shall not be modified prior to a final hearing unless the parents agree to the modification or the court finds that the child will be subject to a likelihood of substantial harm absent temporary modification." Tenn. Code Ann. § 36-6-405(b).

adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

An order meets the requirements of Rule 52.01 only when the order "'disclose[s] to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quoting 9C Federal Practice and Procedure § 2579, at 328). Although this matter was tried in juvenile court, the Tennessee Rules of Civil Procedure are applicable in child custody proceedings under section 36-6-106 even if tried in juvenile court. Tenn. R. Juv. Prac. & Proc. 101(c)(3) ("The Tennessee Rules of Civil Procedure shall govern the following proceedings: . . . child custody proceedings under T.C.A. §§ 36-6-101, et seq. . . .").

*Id*.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the January 7, 2021 parenting plan does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Courtney Allison West, for which execution may issue.

**PER CURIAM**